Lee. Case for argument is 141728 Automated Merchandising versus Lee. May please report. Thank you. Your Honor, the PTO lost jurisdiction to maintain these proceedings upon the entry of the consent judgment in West Virginia. The three issues I would like to address this morning are first, a consent judgment is a final decision under all existing definitions. Second, the patent office lacks the authority to assign a new meaning to the term final decision. Third, upholding patent validity includes and exceeds the lower standard of failing to sustain the burden of proving invalidity. Can I ask the obvious threshold question, which the government characterizes as jurisdictional, and we can put aside whether that characterization is right for a moment. Why is there final agency action in a decision by the PTO to refuse to stop an ongoing proceeding? The primary reason for that, Your Honor, is because the exception to final agency action has always been that if the agency is acting beyond their jurisdiction, then judicial review is appropriate. That is the McCart decision from the Supreme Court, which is often cited by this Court to say that the agency action has not been exhausted. It also has that secondary stipulation that the exception is where the agency is operating beyond their jurisdiction. What does that mean in a way that's identifiably distinguishable from agency lacked the authority to do what it was proceeding to do? I don't know about in other cases, but Your Honor, in this case, when the statute says that they may not maintain a proceeding after a threshold issue has been established, I think that that is, as a practical matter, where I draw the line. In this case, the statute says they don't have jurisdiction anymore, and that is the point on appeal. Interestingly, it was the same point that came up in the Nippon Steel case. In that case, there was an allegation that I believe it was the Commerce Department had instigated an additional or supplemental review. The question was, did they have the discretion to do that? Did they have the authority under the statute to do that? The Court of International Trade said that the agency did not and stopped it. It came on appeal to this Court, and this Court said we have to review the decision, although acknowledging normal exhaustion of agency action, we have to resolve the issue because the issue here is whether they have jurisdiction to maintain this additional investigation. I believe the result in that case was that the agency did have the authority to conduct that additional or supplemental investigation. And that review by us was conducted in the middle of the investigation, not at its end. Is that right? It was in the middle. In fact, because the Court of International Trade issued an injunction stopping the agency, the agency had stopped, and then the review came to this Court. But I believe that if you look at the cases, all of the cases that talk about exhausting your agency action, they all talk in terms of the exception is where the allegation is you're beyond the agency's authority. They don't have the authority to proceed. The final decision... This is a practical matter, however. It's clear that you would have gotten review of this if the... One of two things would have happened if the Patent Office proceeded on this. One is they would have found it in your favor, which would have mooted all the concerns, or two, you would have raised this challenge on 317B on review with us, right? That is correct, Your Honor. And one of my concerns with that is that, as you can see from the briefing on this issue alone, this briefing has exhausted almost all of what's allowed in briefing. So in addition to arguing this issue, should we await the decision by the Board and then come on appeal to this Court, we'll have to brief this issue as well as all the substantive issues that arise in that. And frankly, I think this issue would be lost on appeal if we have to await final agency review on the merits. What do you mean it would be lost? Right now I think that we have maybe 100 pages of briefing on this issue alone. Sometimes arguments get better if they're compressed. I agree with that, Your Honor. In this case, and I'd like to see it compressed because I think the issue is very straightforward, the statute says that they have to stop if there's been a final decision entered that the party challenging validity who initiated the inter-party's review, excuse me, re-examination, has failed to sustain the burden of proving invalidity. What about the judgment of the West Virginia Court here indicates that admittedly a final decision, that that final decision was on the specific point referenced in the 317 statute? The specific point referenced in the 317 statute, and there's actually, the government really doesn't dispute this point, is that the finding is the parties stipulate that, and then it lists all of the patents. Right, so it's a finding about what the parties did. It's not a finding about what the plaintiff showed. That is correct, Your Honor, with the exception. So why isn't it just plain on its face that this final decision does not come within the language of 317? It clearly is covered by the language of 317 for two reasons. First, this court in addressing that very issue, its jurisdiction is predicated upon the entry of a final decision below under 1295A, and this court consistently and routinely finds that where the final decision is an entry by the court below a party stipulation. Right, but 317 doesn't stop at the word final decision, and it doesn't say final decision in litigation over the patent. It says final decision finding a specific thing. It doesn't say final, Your Honor. What it says is final decision that. That, okay. The party challenging validity. But this is not a final decision that the plaintiff failed to meet its burden of proof. Crane would certainly be stopped by that validity determination. They stipulated to it. It's in a consent judgment that was entered by the court as a judicial decree. Again, the standards both of this court and. Wait, I'm sorry. When you say a stop, do you mean a stop in the issue preclusion sense, or simply a stop because it agreed to something? Actually, I think it would be claim preclusion that would. Okay, claim preclusion, but even that's different from issue preclusion. With claim preclusion, there doesn't have to be a decision about any specific issue. A consent judgment resolves the claim. Your Honor, to go back to your earlier point, the second point I wanted to make I think should clarify a little bit. Every consent judgment, regardless of how it's worded, reflects the party stipulation. That is, by definition, what a consent judgment is. The patent office has agreed, and there have been dozens and dozens of cases where they've terminated these enterprise reexaminations based on an entry of consent judgment. In this case, what they're really focusing on is the words in the order that we obtained that says the parties stipulate that. That is what they're really arguing the difference is, and I think that's form over substance because every order is based on the party stipulation when it's a consent judgment. What they were arguing, the nuance that they were trying to make in the court below was very difficult for Judge Trang, I think, to understand. He was troubled by the fact that the patent office was saying the difference in this case between us having to stop under the statute and allowing them to continue were the words that say the parties stipulate that because he kept saying it's just the words that you're focusing on. And I think you can see that confusion reflected in his order because what he came down with is an order that says the final decision in this context means the judge actually has to try the issue. It's either going to be decided by summary judgment, it's got to be tried either to the judge or the jury, but it's got to be decided by the court. That's the language that's really at issue in this case is that the patent office has come in and said, well, what this language in the statute means is the court must decide independently on the merits. And that, I respectfully submit, is not in the statute and shouldn't be read into it because we haven't established meaning for final decision. We as lawyers and judges use that terminology all the time and we use it to include things that are not decided on the merits independently by the court. I think, Your Honor, going back to one issue I did want to touch on and I omitted it. On review of agency action at this point, the agency did in fact identify this final decision as a final agency action and had we not appealed for them, I have no doubt, they would say we had waived that issue. I have one issue that, just to skip ahead, because I'd like to reserve much of my remaining time for rebuttal, but I did want to touch on an issue I think that is central in this case and that is how much authority does the patent office have to assign new meaning to an established term? And I submit they have no jurisdiction, no authority to do so. Whether you look at it from the perspective of statutory construction or if you look at it from the perspective of deference to agency action, it's the same. It's very clear where the words are not ambiguous, that there's no interpretation that's necessary, and I submit final decision is not an ambiguous term. Even if it were, what I found in going back through the cases in terms of review of agency action, the deference is sort of it depends what is the term at that issue. What I found in my review on this is that if the term is a term, that that issue is a term that's used by the agency in their rules or in their guidelines, then courts give that a lot of deference. If a term at that issue is a term that's a term of art within that agency's field of experience, there is deference given. But where the term is not either of those things, it's just a legal term, there's no deference to be given to the patent office interpretation or any agency. It's a legal term and it's not a term of art and it's not out of their institutional guidelines or their rules. And I'd like to reserve the remaining time. That's fine. Thank you. Ms. Barbera. May it please the court. Megan Barbera on behalf of the appellate. And I'd like to start with the question of reviewability under Section 704 of the APA. AMS has argued that there's an exception to the finality requirement in the APA based on McCartt and Nippon's deal. That is not, in fact, true. There's no exception. McCartt dealt with principles of exhaustion. And as the Supreme Court made clear in Standard Oil, exhaustion is distinct and should be distinguished from finality. There is a requirement that there be a final agency action. What we have here is not a final agency action. We have a decision by the agency to continue an ongoing proceeding. What do we do with the fact that your friend alluded to at the end, which is that that's what the patent office told him it was, a final agency action, and his concern or fear that if he didn't appeal it, he'd say he waived his right later on in the proceeding? The agency did mislabel one of the decisions on the petitions for review in the director's office, final agency action. The agency's label that it places on a document is not determinative. We've cited cases from the Ninth and D.C. Circuit to that effect. The question is the practical effect of this judgment or this action. Now, there's no question that this was not, in fact, a final action. Moreover, this court can and has reviewed the underlying 317B decision. In the function media case, for example, this court reviewed the agency's 317B determination in the context of a review on the final agency action, which was the merits of the reexamination proceeding. So certainly AMF could raise the 317B issue when it appealed from the- The question about how they could have protected themselves, might they have had to file the suit in the Eastern District of Virginia and awaited your response at that point saying no final agency action, at which point you couldn't possibly whipsaw them later. I certainly, in my earlier life, had to file notices of appeal when I wasn't sure whether something was final and then actually move to dismiss it on the ground that it wasn't final precisely to protect myself. And I understand the concern given the label that was placed by the agency here. And you're saying that was plainly wrong and there might have been a way to protect themselves against your coming back later and saying, gotcha. That was incorrect. This court has reviewed a 317B decision in the context of an appeal from the board decision. You addressed McCart, what about Nippon? And with respect to Nippon Steel, in Coors Group PLC, this court recognized that Nippon Steel was dealing with a different jurisdictional provision than Section 704 and in fact recognized the strict finality requirement in Section 704, which was distinct from any suggestion in Nippon Steel that there may have been a less strict finality requirement there. You did not, am I right, make the final agency action argument in the district court? That's correct. So at least something may turn on whether the issue of whether there's final agency action is jurisdictional in the specific sense that either you're entitled to ask us to decide it or we're even obliged to consider it even if you didn't ask, which is not the point here. So what makes the question of final agency action jurisdictional in the relevant sense, namely that we are obliged to overlook your not having raised it in district court? Respectfully, Your Honor, I disagree with the premise that there would be any distinction whether or not it was jurisdictional in terms of whether we could raise it because as appellee of courts we're entitled, even if not obligated, entitled to raise any alternative ground for affirmance that the court notifies the record. Not one that you waived below unless it's jurisdictional. You're not entitled to make an argument that you did not make below. You're not entitled to unless it's jurisdictional. We may have authority and indeed do have authority in certain exceptional circumstances to say we'll let you do that even though you waived it, forfeited it, failed to preserve it, doesn't matter, below. But your initial characterization in your red brief is this is actually jurisdictional so we don't have to find exceptional circumstances. Why is that true? In taking both of those points, this court has indicated that the question is jurisdictional. Those are cases cited on page 15 of our brief, including the Telecare case where this court in fact affirmed a dismissal for lack of jurisdiction because there was an adequate alternative judicial remedy in that case. There are other cases, including unpublished decisions, where this court has affirmed dismissals for failure to meet the requirements in Section 704. So having identified the issue on appeal, we felt obligated to bring it to the court's attention given that the court has discussed this as jurisdictional, has analogized it to rightness for review. And again, there's no dispute in this case. You're well aware that the scope of the word jurisdictional is, to put it mildly, in flux. The theory that maybe use of it from the Supreme Court on down has been a little profligate over time, and the Supreme Court has started tightening that up. Put aside specific precedents. Explain why this one actually is properly viewed as jurisdictional. Well, again, I know Your Honor has asked me to set aside the precedents, but as, you know, appearing before a panel of this court, we felt obligated to follow this court's precedents on the jurisdictional question. And turning back again, I think whether or not this court finds it jurisdictional or would disagree with its precedents on whether it's jurisdictional. Again, we're talking about a question that has overtones of jurisdiction. This court has analogized it to rightness. As appellee, this, and I understand Your Honor's concern that this question was not raised below, but again, this court has been very clear that appellees always have the right to assert alternative grounds for affirmance. Raised below. Well, supported by the record. And this is a legal question. It's clearly supported by the record. The decision that we're talking about is not in any way final agency action, and AMS doesn't even make the argument, really, that there's not an alternative judicial remedy. Can I pursue that? Because, I mean, the subhead to this old, to the former 317 was inter-parties re-examination prohibited. That's the purpose of the section. And then it talks about the situations where inter-parties re-examination is prohibited, and it says where you have a final decision that the party can't sustain in subverted invalidities. We'll get to that in a second. But if I'm AMS, I'm settling the case, and I'm relying on this statute, what's not final about the decision of the agency to proceed over an express statutory prohibition? Well, Your Honor, the agency may make many decisions in the course of the administrative proceeding which are final in the sense that the agency may not revisit them. For example, and even, I guess, analogizing to different court proceedings, there may be cases where somebody files a motion to dismiss that's based on the passage of a statute of limitations or a lack of standing, where if the motion to dismiss were granted, it would mean, or if they were correct in bringing that motion, it would mean there was no ground for the court to continue. But even in those cases, in courts having analogized final decisions to final agency action, the fact that you have a denial of a motion to dismiss does not mean that's immediately appealable. The same is true here. There may be many instances where the agency makes decisions in the course of its proceeding that might not be revisited by the agency, but that doesn't mean that they satisfy the Bennett test for final agency action, because they're not the consummation of the agency's decision-making process, which we have at the end of the reexamination. But you have an express statement saying you can't proceed. It's not the same thing as saying you shouldn't proceed, because there aren't justifiable grounds for reexamining the patent. It says you can't. It says may not. So you're saying that's still not appealable? You, the agency, get to conduct the proceeding anyway, and the person has to, even though they thought they were buying their piece in the infringement action, you have to go through the whole expense and time of the administrative proceeding before you can say it should have been dismissed in the first place? And this was very similar to the argument that the oil companies raised in the Supreme Court standard oil decision, where they said the agency action was, in fact, unlawful, because there was no statutory basis for the agency to have initiated those proceedings. And SoCal complained that it would be subject to the substantial burden and expense of engaging in an agency proceeding that may, in fact, be unnecessary or even outside the agency's statutory authority. And the Supreme Court very clearly said the substantial burden of participating in an administrative proceeding is not reason for us to find final agency action. It walked through the practical effect and said what's happened here is a decision to initiate a proceeding against you. That's very similar to what we have here, where we have a decision to continue proceedings. And even if there is substantial burden and expense in engaging in those proceedings, that is not enough to render the decision final agency action. Is there any significance in the fact that in the AIA, when this section is amended, there's now express language saying that the PTO can continue the proceedings on its own if it chooses to do so? And the old statute didn't say that. I think notably the new statute actually allows for party settlement to terminate the inter-party reexamination proceeding. That's not present in the old version of Section 317B, which was explicitly excluded from that. So I would draw the contrary inference that the revision to allow for settlement... No, except it says may. It doesn't say must. At least the way I read it, there's permissive language in there that gives the agency the option of proceeding if it feels in its discretion that it should, which isn't in the old 317B. Well, and I take the Court's concern about may not thereafter be maintained by the office, but again, I think that that's similar, and AMS has argued, look, there's no agency jurisdiction here. Again, as the Supreme Court pointed out in the City of Arlington, that agency jurisdiction is really a misnomer. It's really a question of statutory authority. And when the issue of statutory authority or an agency proceeding unlawfully comes up, the courts have repeatedly, citing Standard Oil, said the allegation that a court is acting out, or I'm sorry, an agency is acting outside of its authority does not make the decision immediately appealable. And here there is an adequate alternative judicial remedy. Again, if in fact the agency erred in its 317B decision, which we don't think it did, given the language of the consent judgment in this case, which appears to have been a quid pro quo between the parties relating to their settlement agreement where they stipulated to the... Can I just push you on that one a little bit? Because I'm a district judge, so this is near and dear to my heart. You have a consent judgment where you don't hear the evidence and the parties are stipulating we can't prove invalidity. If we adopted the construction that PTO is arguing for here, you could have what we used to call in the criminal court a slow plea. People could just say, here's my evidence. We can't prove invalidity. Judge, tell us that we don't have enough evidence to prove validity. And as I understand your argument, that would be okay. The judge wouldn't have to look very deeply as long as the judge simply said, well, the parties are telling me they can't prove their case. What the agency is trying to do here is to ensure that Section 317B is satisfied while respecting the findings of the district court judge. Now, the Supreme Court has said in Anderson that we shouldn't look behind or second-guess a district court's judgment. And we've cited cases showing that consent judgments can do a variety of different things. You could have a consent judgment where, in fact, the district court did make findings specific to invalidity. If the agency sees the district court findings indicated in a consent judgment or in another judgment, the agency is not going to second-guess what the judge is doing. What I'm trying to say is, as a practical matter, findings like that can easily be orchestrated. I mean, this goes back to the form over substance. Unless you're saying the judge has to make an independent inquiry, as the judge would have to do, say, in approving a class action or something like that, then it's just a question of what words are in the judgment. Whether you're just signing the line saying, I'm signing the proposed order, or I'm signing off on the party's consent judgment that they can't prove validity, or excuse me, invalidity, or you could have some more facts there and the judge is signing them. But what I really hear you saying is that the court has to independently evaluate the question of invalidity. And that seems to me to be rewriting the statute. And we're not requiring an independent district court analysis, per se, of invalidity, but rather what the statute requires is a district court's finding that the party has not sustained its burden of proving invalidity. Now, that may come about in any variety of ways, but what the agency is doing is reasonably assuming that if a district court judge signs his or her name to a judgment that says the court finds, and if it's a court finding we would probably expect to see different language, the court finds these patents are not invalid as opposed to if the party stipulates that they're valid. But if the agency sees the court signing that, it can reasonably assume that a neutral third-party arbiter, an Article III district court judge, has looked at the evidence, whatever it may be, and has found, as the judgment states, that the party hasn't sustained... So you really are, I think you're saying it, you're saying it in a subtler way than I did, but you are implying some cognitive input into the result of a cognitive report. Let me be clear, Judge Fogel, even if there were no such input, because what I'm not suggesting is that the agency should look behind the judgment in any fashion in that respect, but just that the agency reasonably assumes if a district court signs his or her name indicating that there is a finding that the patents are not invalid, that the agency should respect that district court finding. It would satisfy the plain language of 317B, and as many of the decisions that AMS included in the joint appendix show, the agency would terminate the ongoing re-examination procedure if there was such a judgment that satisfies... So while the agency is not going to look behind what the judgment says, as a practical matter, the trial judge has to try the issue, and I mean try here to include summary judgment or anything else, because every judgment that rejects a validity challenge is in fact no more than a determination that the plaintiff did not put on sufficient evidence to prove invalidity. I don't think that it needs to be the case that the parties have tried the issue... I tried in the broad sense that includes summary judgment. What the agency would look for and what we know from the decisions including those included in the appendix... That could be a perfectly sensible view of 317, but that is the position, right? A district judge is not going to put his or her name on an order that says the plaintiff didn't carry the burden without deciding that the plaintiff didn't carry the burden. And then there is a decision by the court that the party hasn't carried their burden and the statute would be satisfied. So if we had a consent judgment, and I take the point as what does the district court need to do in order to enter a consent judgment that says what the statute requires, which is that there is a finding by the court that the party has not seen its burden of proving invalidity. And that's not something within the agency's special expertise that the agency has... It may affect whether this is a sound interpretation of 317 because if in order to get a judgment that actually eliminates the risk of the PTO proceeding to the patent owner, the trial judge has to do a lot of work more than notice and sign off on the party's agreement, there are likely to be fewer resolutions because the patent owner can't control the risk of invalidation through the ex-party re-examination procedure. The question is, maybe that makes sense or maybe it doesn't make sense, but it quite changes the practical likelihood of these settlements. What I can say is that we have examples of a number of consent judgments that contain language with district court findings in them. Now those consent judgments are presumably based on the party's settlement or agreements, otherwise they wouldn't be consent judgments, but they contain the language that the district court finds that the party has failed to sustain its burden or otherwise indicating that the court had found or stated that this wasn't satisfied. Now I can't give Your Honor a lot of comfort in terms of what went on in the district court that led the court to be comfortable signing his or her name to that consent judgment. So it might be that the district court presented with the challenger's express agreement that it did not supply sufficient invalidity proof would feel comfortable in relying on that as a ground for the judge him or herself writing a sentence that says the plaintiff did not meet the burden of proving invalidity. And that may be the case, and the important point here again is that the agency isn't and shouldn't be in the position of second-guessing what the district court signs its name to was in the face of that order in terms of whether there's merely, as we have in this consent judgment here, a statement that both parties have co-stipulated that the other party's patents are valid, which clearly doesn't satisfy the language in 317B as opposed to a statement by the district court that it found that the patents were not invalid, which suggests there was at least some additional consideration by the district court judge before signing that order. And 317B instructs the agency to terminate the inter-party three-examination proceedings in the latter case but not in the former. I don't want to beat a dead horse here, but if parties in a contested patent case come to me and the plaintiff or the defendant says I can't prove invalidity, we've done our discovery and we can't prove it and we're settling the case, what I'm afraid of hearing you say is I still need to do some independent inquiry into that to make sure that in fact I can't before I sign my name to it. I think in that circumstance, Your Honor, the court could sign a consent judgment that says it can be the court states that the parties have failed to satisfy their burden of proving invalidity and the basis for that may be the parties coming forward to the court and saying look, we don't have sufficient evidence on invalidity. Again, I don't want to prolong this, but isn't that what the plaintiff did here? They said we stipulate that we can't establish invalidity. Actually, the consent judgment here could have been based on economic reasons, business relationships probably was. Right, exactly. Issues unrelated to the merits of the invalidity defense which is the agency's concern, of course, when you see a consent judgment that merely says the parties have agreed that the patents are valid, that that may have nothing to do with the prior art that's being presented in the agency proceedings. So how are you not looking behind the judgment? Well, again, I know this maybe is not particularly satisfying to your honor, but where the agency's relying on the court's, the Article III judge's statement about whether there's merely a party's stipulation to validity or whether there's a court finding on validity. And in the latter case, perhaps there's some additional work required by the Article III judge, but again, that allows the agency to have the comfort that 317B has been satisfied. If I may? I'd like to start briefly with the jurisdictional issue, your honors. The government is relying very heavily on the standard oil case and we addressed that in our brief at pages 10 to 11. And I'd like to point out a distinction that really I think exists between us and standard oil. In standard oil, there was a FTC investigation and the decision that had been made was, quote, it had reason to believe, end quote, that a violation had occurred. That finding was obviously preliminary in nature. And what the court did in addressing the jurisdictional issue there, it said that really we're going to let the, this is a preliminary determination, nothing's been decided yet. Let the agency work through that issue. Was there in fact a violation? Not just whether there was reason to investigate it. And this is different how? In our case, we have a jurisdictional limitation that says they don't have jurisdiction to maintain this. We've got a final decision. If your honor recalls, the way that we had to go through this is we had to file a petition with the commissioner, not the examiner's branch, with the commissioner to determine whether or not 317 applied as a matter of law. They said no. Everything that's going on at the patent office at this moment has nothing to do with that decision. That decision is not being revisited. The decision that 317B does not apply in this case that the patent office made, no one's working on that. That's final. That's not being reviewed where it's in here. The FTC had started investigation saying there's reason to believe that there's a violation. And the question that they wanted to stop was, well, stop the investigation because we don't think there's a reason to believe. So I think that there is a distinction. The other distinction, and your honor, this is just in perusing this court's decisions, I found Inrei Kuzo, C-U-O-Z-Z-O, speed technologies, that was issued February 4th of this year. And it was an issue, I think, about, IPR is not about inter-parties re-examination, but the question came up, the jurisdiction, whether there had to be final agency action. In this court, and I'm quoting from page 8, which is the slip decision, the answer is, excuse me, the answer is that mandamus may be available to challenge the PTO's decision to grant a petition to institute IPR after the board's final determination in a situation where the PTO has clearly and indisputably exceeded its authority. That, again, is the caveat that we're working on, is we believe they're beyond their authority. And just so the record's complete, and your honors are aware, we did file this complaint in the district court in Virginia seeking review under the APA, but we also sought mandamus. And the mandamus was under statute. If I remember the word mandamus correctly, if they were right about no final agency action because, in addition, under 704, there's an adequate remedy to review the continuation of the proceeding once the proceeding is over, then there would be an adequate remedy at law objection to mandamus, too. That is their contention. I don't believe it does because whether they have jurisdiction to make us do anything is the question, not whether we can get it reversed later after much effort and money is spent. And the statute that we sought mandamus under was 28 U.S.C. 1361, which, and I don't recall off the top of my head, is to require a government officer to do what the statute requires them to do. So we are seeking that mandamus in addition to APA review. Very quickly, and I think this goes to one of the points that the main argument that I wanted to address was we do have a final judicial decree. And I think that the approach that the patent office is taking undermines that judicial decree. And the public has an interest in seeing those judicial decrees upheld. And also I think that their approach does not respect the balance that Congress struck. Congress created this inter-parties re-examination and it did two parts. There was already an existing ex parte review where the person challenging validity had one filing and then they were basically out of it. Congress came in and said, let's involve them more. But if they do that, they do elect to file this inter-parties re-examination, there can be consequences. And one of them is what we see in 317, Congress created the balance. If they give up for whatever reason, whether it be economic, whatever, they have given up on that issue, and 317B comes into effect. That was the whole purpose. One of the reasons that we negotiated settlement was so that we could get that stipulation, we could get that judicial decree, and the inter-parties re-examinations would end. The final point I want to make, and Your Honor, I'm beyond time, if I could just make one last point. Don't worry, I mean, if you need a few more minutes, because we went over on the other side, so it's fine. Thank you, Your Honor. One of the issues that the Patent Office keeps coming back to and saying, and Your Honor, I think you were addressing the practical matter, well, we're in district court litigation, I've not had the opportunity to be in front of Your Honor, but this is what I do, and we're in front of district courts all the time.  And that's a very valuable tool for the court, and for the parties, to be able to stop the litigation. In this case, stopping the litigation alone was not of sufficient interest to AMS. They needed also to stop the inter-parties re-examination. Am I right? I mean, this is a problem that, if I read the new version for inter-party to review, if the merits determination has not been made by the board, you do or do not now have a right to stop the proceedings. The inter-parties review is a totally different procedure. In fact, they don't even have, they don't have a corollary to what we're dealing with in 317. There's no, there's no, you could try the case in district court and win, and it doesn't matter. The inter-party review. 317A of the new statute says, an inter-party, and I'm reading from the governance brief, so I'm just going to assume this is an accurate quote, an inter-parties review instituted under this chapter shall be terminated with respect to any petitioner upon the joint request of the petitioner and the patent owner unless the office has decided the merits of the proceedings before the request for termination is filed. That's right. So that has nothing to do with whether there was a final decision in the district court. It's totally, totally divorced, totally different approach. In that case, you can settle an IPR by written agreement and still litigate the case in district court. I don't know why you'd want to do that as a defendant, but you could. It's not an apples-to-apples sort of comparison. But the patent office, by the way, Your Honor, I don't know if you followed their rulings on this, but they give the opportunity to terminate IPRs based on a written submission. It sounds like a low standard, but in reality it's not. That catchphrase that's added on at the end, unless they determine otherwise, it gives them full discretion to say, I don't want to terminate this. I've seen cases where they've terminated the IPR after the final hearing, and I've seen cases where they've refused to terminate the IPR very early relatively in the proceeding. They also can keep the IPR going even without the original parties, without the original petitioner. They can just say, you're out of here, but we're going to continue the IPR. I've not said that, but that's possible. That's what we have here. And that's what the new statute says, too. Okay. But the last thing I wanted to mention before I sit down, I appreciate the additional time, is that the panel keeps referring to the dozens and dozens of cases that they've terminated where it says the court ordered an adjudged. And I went through and I looked at some of them, and just in preparing for today's hearing, in particular they're citing to one decision that says Joint Appendix 270 through 272. And that's one that they relied on to say that the court adjudged something. It was the court that did it. So I just went back and found what was filed with the Patent Office to support that. And I wasn't at all surprised by what I found. It begins with the preamble as a practical matter. When I'm presenting a paper to a court, to the district court, you've got to say something about what this is. And not surprisingly, this has a title. It's Final Judgment on Consent. So we know it's consent judgment. But it goes down the very first paragraph. It says the parties hereto having consented by their undersigned attorneys to the entry of this final judgment. And then it says in big, bold letters, ordered adjudged in decree. This is no different than our case. The words are rearranged, but it's form over function. We have a judicial decree upholding the validity. And the Patent Office's own practices say upholding validity is satisfactory, or at least meets the requirement of failing to prove invalidity. So that's not really an issue in this case. The only issue in this case is whether the court has to decide something independently on the merits. And we submit that that is not, in fact, what the words final decision mean. Thank you. Thank you. Thank you.